2. MUNICIPAL COURT OF CHICAGO, § 28*—*when objection to oral instruction not preserved.* Where a judge of the Municipal Court charges the jury orally and after the charge was given asked whether either counsel desired to have the jury further instructed and no response was made by counsel for either party nor any objection or exception of any kind taken to the instructions in the Municipal Court, a party cannot complain of the whole or any part of the charge in the Appellate Court.

3. INSTRUCTIONS, § 162*—*when words in instructions not misleading.* In an action against a Towing Company for damage to a pier alleged to have been caused by a vessel which was being towed by defendant's tugs, an oral charge was given to the jury that: "In the event that the proof shows that the accident occurred through the negligence alone of the defendant, then you will consider in your verdict the amount of the damages which have been proven * * * and should return your verdict in accordance with the truth." *Held* that the use of the word "alone" and the word "truth" were not misleading.

---

## Chattanooga Savings Bank, Defendant in Error, v. Charles L. Lumby, Plaintiff in Error.

### Gen. No. 18,420.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

### Statement of the Case.

Action by Chattanooga Savings Bank against Charles L. Lumby for a balance due on a promissory note executed by a third person to defendant and made payable to the order of the plaintiff Bank. Afterwards the defendant indorsed his name on the back of the note and sold it to the bank. When the note fell due the bank obtained a payment and a new note for the balance was executed by the maker to the bank. From a judgment in favor of plaintiff, defendant brings error.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

OSCAR M. LUMBY, for plaintiff in error.

HOLT, WHEELER & SIDLEY, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 399*—*when indorser presumed liable as a guarantor.* Where a note given to an individual is made payable on its face to the order of a bank and such person writes his name on the back of the note and sells it to the bank, by indorsing the note, the transaction comes within the rule that where a person not the payee of a note places his name on the back thereof the legal presumption is that his liability is that of a guarantor.

2. BILLS AND NOTES, § 190*—*nature of guarantor's liability.* A guarantor of a note is an original promisor and not one secondarily liable; the only way he can be relieved from liability thereon is by the payment of the note.

3. BILLS AND NOTES, § 98*—*when giving of new note does not operate to cancel old note.* Where a note given to an individual was made payable to a bank and the holder indorsed his name thereon and sold it to the bank, and when the note became due a new note was executed to the bank by the maker, *held* in a suit by the bank against the person to whom the note was given that a defense that the new note was given in full payment and in cancellation of the first note could not be sustained where there is uncontradicted evidence that the bank retained the old note as collateral to the new one.

4. BILLS AND NOTES, § 96*—*when not extended.* Where an old note is retained as collateral security for a new one there is no extension.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.